Sid Leach (#019519)
SNELL & WILMER L.L.P.
One Arizona Center
Phoenix, AZ 85004-2202
Telephone: (602) 382-6372
Facsimile: (602) 382-6070
E-mail: sleach@swlaw.com

Attorneys for Defendants Warner Bros. Entertainment Inc. and
Warner Bros. Consumer Products Inc.

**UNITED STATES DISTRICT COURT FOR THE**
**DISTRICT OF ARIZONA**

| | |
|---|---|
| David Kaufman,<br><br>   *Plaintiff,*<br><br>vs.<br><br>Warner Bros. Consumer Products Inc.,<br>and Warner Bros. Entertainment Inc.,<br><br>   *Defendants*. | Case No. 2:16-cv-02248-PHX-JAT<br><br>**DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR RECONSIDERATION OF ORDER GRANTING MOTION FOR SUMMARY JUDGMENT** |

Defendant Warner Bros. Entertainment Inc. and Defendant Warner Bros. Consumer Products Inc. (collectively "Defendants") respectfully submit that Plaintiff's motion for reconsideration should be denied.

**I. Applicable Rule Governing Reconsideration**

On September 12, 2018, this Court entered an order on Defendants' motion for summary judgment, granting the motion. Dkt. #86. Judgment was entered in favor of Defendants and against Plaintiff on all claims on September 12, 2018. Dkt. #87.

On September 26, 2018, Plaintiff filed a Motion for Reconsideration of Order Granting Motion for Summary Judgment. Dkt. #88. As this Court later noted, Plaintiff did not cite what Rule the motion for reconsideration was made under. Dkt. #110, at 1. This placed Defendants in a difficult position, because the different rules have different standards and different response obligations. *Id*. On October 9, 2018, Plaintiff filed a motion to extend the deadline to file a notice of appeal. Dkt. #99. If the motion for reconsideration

had been filed under Rule 59(e), Fed.R.Civ.P., then a motion to extend the deadline for filing a notice of appeal would have been unnecessary. When a Rule 59(e) motion is filed, the time for filing a notice of appeal is automatically extended under Rule 4(a)(4)(A)(iv), Fed.R.App.P. The motion for reconsideration was filed fourteen days after the order granting summary judgment, suggesting that it was filed under Local Rule LRCiv 7.2(g). In addition, the motion for reconsideration argues that "manifest error exists," which is the standard applicable under Local Rule LRCiv 7.2(g)(1). *See* Dkt. #88, at 1. Plaintiff's motion to extend the deadline for filing a notice of appeal, filed on October 9, 2018, after the motion for reconsideration had been filed, stated that "[a]bsent any extension, Plaintiff's deadline to file a notice of appeal runs on October 12, 2018." Dkt. #99, at 2. This statement would only be true if the motion for reconsideration had been filed under Local Rule LRCiv 7.2(g), and not under Rule 59(e), Fed.R.Civ.P.

Under Local Rule LRCiv 7.2(g), no response to a motion for reconsideration may be filed unless ordered by the Court. Local Rule LRCiv 7.2(g)(2). The Court resolved any uncertainty attending the matter by ordering Defendants to file a response. Dkt. #110, at 1-2.

Plaintiff seeks reconsideration of an order granting summary judgment on all claims. Final judgment was entered that same day, based upon the order in question. The order at issue was a final appealable order. Given that judgment has been entered in this case in favor of Defendants and against Plaintiff on all claims, Local Rule LRCiv 7.2(g) does not apply.[1] This is not an interlocutory order that would be governed by the standard of *Motorola, Inc. v. J.B. Rogers Mechanical Contractors*, 215 F.R.D. 581 (D. Ariz. 2003). At this stage, after an order has been entered adjudicating all the claims, and a judgment has been entered, Plaintiff's only recourse was to file a motion to alter or amend the judgment under Rule 59(e), Fed.R.Civ.P. *See Equal Employment Opportunity Comm. v. Gala AZ Holdings, Inc.*, No. CV-11-00383-PHX-JAT, 2012 WL 3704697, at *1 n.1 (D. Ariz. Aug.

---

[1] "[A]ny order or other decision, however designated, that adjudicates fewer than all of the claims … does not end the action … and may be revised at any time ***before the entry of a judgment adjudicating all the claims*** …". Rule 54(b), Fed.R.Civ.P. (emphasis added).

28, 2012) (If it is an appealable order, "the Court applies the test set forth in Federal Rule of Civil Procedure 59.").

A court has discretion to construe an ambiguous "motion for reconsideration" (if filed within 28 days of entry of judgment)[2] as a Rule 59(e) motion. *Shaka v. Ryan*, No. CV 15-0050-PHX-SMM (BSB), 2015 WL 4162598, *1 (D. Ariz. July 9, 2015). Rule 59(e) is the proper procedure for a motion seeking reconsideration of an order granting summary judgment that adjudicates all claims. *Wood v. Ryan*, No. CV-98-0053-TUC-JGZ, 2014 WL 3577697, at *1 (D. Ariz. July 21, 2014) ("A motion to alter or amend judgment under Rule 59(e) of the Federal Rules of Civil Procedure is in essence a motion for reconsideration."), *aff'd*, 759 F.3d 1117 (9th Cir.), *cert. denied*, 135 S. Ct. 21 (2014). *See also Gray v. Federal National Mortgage Assoc.*, No. CV-12-08220-PCT-JAT, 2013 WL 4759477, at *1 (D. Ariz. Sept. 4, 2013) ("Plaintiff does not specify the authority that entitles her to the relief of altering and/or amending the Clerk's Judgment.") (applying Rule 59(e)). As such, Defendants will address Plaintiff's motion for reconsideration under the standard of Rule 59(e), Fed.R.Civ.P.

## II. Standard Governing Rule 59(e) Motions

Under Rule 59(e), "[t]he Court may alter or amend a judgment if: (1) the Court is presented with newly discovered evidence, (2) the judgment at trial was manifestly unjust, (3) there has been an intervening change in controlling law, or (4) the motion is necessary to correct manifest errors of law or fact upon which the judgment is based." *Isom v. JDA Software Inc.*, 225 F. Supp.3d 880, 886 (D. Ariz. 2016) (citations and internal quotes omitted); *Turner v. Burlington N. Santa Fe R.R. Co.*, 338 F.3d 1058, 1063 (9th Cir. 2003); *McDowell v. Calderon*, 197 F.3d 1253, 1254 n.1 (9th Cir. 1999), *cert. denied*, 529 U.S. 1082 (2000).

Amending a judgment after its entry is an "extraordinary remedy, to be used

---

[2] A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment. Rule 59(e), Fed.R.Civ.P. Plaintiff's motion for reconsideration is timely because it was filed with 28 days of the entry of judgment. *Gray v. Federal National Mortgage Assoc.*, No. CV-12-08220-PCT-JAT, 2013 WL 4759477, at *1 (D. Ariz. Sept. 4, 2013).

sparingly in the interest of finality and conservation of judicial resources." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003). "Such motions are disfavored and are not the place for parties to make new arguments not raised in their original briefs." *Shaka v. Ryan*, No. CV 15-0050-PHX-SMM (BSB), 2015 WL 4162598, *1 (D. Ariz. July 9, 2015); *Northwest Acceptance Corp. v. Lynnwood Equip., Inc.*, 841 F.2d 918, 925-26 (9th Cir. 1988). In a motion for reconsideration, it is improper "to ask the court to rethink what the court had already thought through – rightly or wrongly." *Smith v. Ryan*, No. CV-12-318-PHX-PGR, 2014 WL 2452893, at *1 (D. Ariz. June 2, 2014) (internal quotes and citation omitted), *aff'd*, 823 F.3d 1270 (9th Cir. 2016), *cert. denied*, 137 S. Ct. 1283 (2017); *United States v. Rezzonico*, 32 F. Supp.2d 1112, 1116 (D. Ariz. 1998).

Rule 59(e) "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been made prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008) (citation omitted). "No motion for reconsideration may repeat any oral or written argument made by the movant in support of or in opposition to the motion that resulted in the Order for which the party seeks reconsideration." *Ross v. Arizona*, No. CV-13-01845-PHX-JAT, 2015 WL 2376562, at *2 (D. Ariz. May 19, 2015) (citation omitted). "Repeating arguments in a motion to reconsider may be grounds for denying the motion." *Id*.

Thus, "[a] Rule 59 motion should not be granted unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Ross v. Arizona*, No. CV-13-01845-PHX-JAT, 2015 WL 2376562, at *2 (D. Ariz. May 19, 2015) (internal quotes and citation omitted).

This case does not present the required "highly unusual circumstances." In the Ninth Circuit, the denial of a Rule 59(e) motion is reviewed for an abuse of discretion. *McDowell v. Calderon*, 197 F.3d 1253, 1255 n.4 (9th Cir. 1999) ("Our cases reviewing denials of reconsideration have, on occasion, failed to recognize that only a failure to correct clear error constitutes abuse of discretion in this context. For the reasons explained above, we disapprove any suggestion in these cases that a refusal to reconsider is an abuse of discretion

merely because the underlying order is erroneous, rather than clearly erroneous.") (citation omitted), *cert. denied*, 529 U.S. 1082 (2000).

**III. Plaintiff's Motion for Reconsideration Is Without Merit**

As in other cases where a party has made an ambiguous motion for reconsideration, "Plaintiff does not discuss how the Rule 59(e) standard applies in this case." *Shaka v. Ryan*, No. CV 15-0050-PHX-SMM (BSB), 2015 WL 4162598, *2 (D. Ariz. July 9, 2015).

Plaintiff's motion for reconsideration does not present the Court with newly discovered evidence. Plaintiff's motion does not argue that there was an intervening change in the controlling law. Plaintiff does not argue that the judgment itself was manifestly unjust. Instead, Plaintiff's motion argues that "manifest error exists." Dkt. #88, Motion, at 1. In other words, we construe Plaintiff's motion to argue that reconsideration is necessary to correct manifest errors of law or fact upon which the judgment is based.

**A. Plaintiff's First Ground: "No Opportunity to Respond"**

According to Plaintiff, "the Court disposed of the case based on a factual argument raised in a surreply to which Plaintiff had no opportunity to respond." Dkt. #88, Motion, at 1. This is not true.

Defendants' motion for summary judgment raised, at the outset, that there was no admissible evidence that the alleged Merchandising Contract existed. Dkt. #66, Motion for Summary Judgment, at 2 ("Because ***there is no admissible evidence that the alleged Merchandising Contract exists***, and even if it did exist Plaintiff's claims would necessarily be barred by laches, or by the statute of limitations, this case is ripe for summary judgment.") (emphasis added, and footnote omitted). *See also, e.g.*, Dkt. #66, Motion for Summary Judgment, at 9 ("Plaintiff has not proven the existence of the alleged Merchandising Contract (or any merchandising contract related to the Batgirl-Cycle).") The Court correctly found that "Plaintiff does not dispute that proving the existence of the Merchandising Contract and the Batgirl-Cycle merchandising contract is a necessary element of his claims." Dkt. #86, at 12.

On a motion for summary judgment, the nonmoving party "must set forth specific

facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). Under Rule 56(c)(4), Fed.R.Civ.P., Plaintiff was required to present affidavits or declarations "made on personal knowledge, [which] set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Thus, the burden was on Plaintiff, in the first instance, to demonstrate, when Plaintiff offered affidavits and declarations providing secondary evidence about the contents of the alleged Merchandising Contract, to show that such secondary evidence "would be admissible in evidence." In addition, the burden was on Plaintiff, in the first instance, to demonstrate, when Plaintiff offered the affidavits and declarations, that the affiants and declarant were competent to testify on the matters stated and had personal knowledge of the contents of the alleged Merchandising Contract.

Plaintiff's attempt in the motion for reconsideration to portray these requirements as "a factual argument" raised by Defendants is meritless. Dkt. #88, Motion, at 1 ("the Court disposed of the case based on a factual argument raised in a surreply to which Plaintiff had no opportunity to respond."). These were factual showings that ***Plaintiff*** was required to make in order to meet Plaintiff's initial burden under Rule 56(c)(4), Fed.R.Civ.P. Defendants' reply in support of the motion for summary judgment merely pointed out that Plaintiff had failed to meet this burden.

Plaintiff had an ample opportunity to respond to all of the evidentiary objections in the extra surreply brief that the Court permitted Plaintiff to file. Dkt. #78. Plaintiff also had an opportunity to respond further in the oral argument on the summary judgment motion held on August 8, 2018. Dkt. #85. Thus, it is incorrect for Plaintiff to argue that "Plaintiff had no opportunity to respond." Dkt. #88, Motion, at 1.

Plaintiff had the burden of showing that the affidavit and declaration testimony was admissible in evidence. Rule 56(c)(4), Fed.R.Civ.P. In order to show that the affidavit

testimony[3] presenting secondary evidence concerning the contents of a document was admissible, Plaintiff was required to present evidence of a diligent search under Rule 1004(a), Fed.R.Evid., and evidence that an original could not be obtained by any available judicial process under Rule 1004(b), Fed.R.Evid. Defendants pointed out that Plaintiff failed to meet his burden. Plaintiff knows the law, and should have known that in order to meet the requirements of Rule 56(c)(4), Fed.R.Civ.P., Plaintiff was required to make the showings required by Rule 1004, Fed.R.Evid. Plaintiff cannot pretend to be "surprised" by this. There is no "manifest injustice" in pointing out in a reply brief that a party failed to make a showing that the party was required by law to make in its previous brief, or in response to a properly supported summary judgment motion. The argument offered by Plaintiff would be analogous to Plaintiff arguing to the Ninth Circuit on appeal that Plaintiff was "surprised" by Defendants' arguments concerning the Rule 59(e) standard, appearing in this brief in opposition to Plaintiff's motion for reconsideration, merely because Plaintiff did not address the standard in Plaintiff's motion for reconsideration. Plaintiff should have addressed the Rule 59(e) standard in Plaintiff's motion for reconsideration, and cannot complain that Defendants have done so in this opposition.

Moreover, Plaintiff's complaint about new arguments that may have appeared in Defendants' sur-surreply brief overlooks the fact that Plaintiff's surreply brief included seventeen new exhibits that were not part of the record. Dkt. #86, at 5 ("Upon this Court's order to file a surreply to Defendants' evidentiary objections, Plaintiff filed seventeen exhibits, composed of the exhibits that were referenced in Plaintiff's previous filings, but were not originally uploaded to the CM/ECF system and additional exhibits Plaintiff purports to rely on in his surreply.") (citation omitted). Plaintiff's surreply brief raised new

---

[3] The affidavit in question presenting secondary evidence concerning the contents of the alleged Merchandising Contract or Batgirl-Cycle merchandising contract was the untimely supplemental affidavit of Mr. Black filed with Plaintiff's surreply brief at Docket #81. This untimely affidavit was not considered by the Court. Dkt. #86, at 9 n.3. Plaintiff's attempt to now argue on reconsideration that "the Court disposed of the case based on a factual argument raised in a surreply to which Plaintiff had no opportunity to respond" is apparently based upon the Court's comments that, even if the Court did consider the supplemental affidavit, Plaintiff's showing was insufficient. This is not a manifest error of law or fact.

arguments, including arguments that a "supplemental" affidavit filed with the surreply brief showed that affiant Black had personal knowledge of the contents of the alleged Merchandising Contract; (which was not in Mr. Black's previous affidavit or ever previously disclosed by Plaintiff). In view of these new facts and arguments, Defendants' sur-surreply brief filed at Docket #83 necessarily had to raise arguments and objections responsive to the seventeen new exhibits that Plaintiff filed with his surreply brief.

Plaintiff cannot request reconsideration merely because Defendants' sur-surreply brief raised arguments responsive to the seventeen new exhibits filed with Plaintiff's surreply brief. Moreover, because the Court properly excluded the seventeen new exhibits from the record, any new arguments raised by Defendants based on those new exhibits are therefore moot. *See Gray v. Federal National Mortgage Assoc.*, No. CV-12-08220-PCT-JAT, 2013 WL 4759477, at *1 (D. Ariz. Sept. 4, 2013) (Court did not decide whether case was barred by res judicata, and thus the plaintiff failed to show that the court committed clear error by allowing the defendants to file prior state court complaint). The fact that Defendants were compelled to file a sur-surreply brief to address untimely new "evidence," improperly raised by Plaintiff for the first time on surreply, is not a valid ground for reconsideration, and Plaintiff's attempt to argue to the contrary mischaracterizes the record.

**B.      Plaintiff's Second Ground: "Evidence of a Diligent Search"**

As a second ground, Plaintiff argues that "the evidence appearing in the record establishes both [sic] the diligence of a search for the original to allow Plaintiff to introduce secondary evidence under Rule 1004, Fed.R.Civ.P. [sic]". Dkt. #88, Motion, at 1. But this repeats the same arguments that Plaintiff made in opposition to the motion for summary judgment that resulted in the Court's order for which Plaintiff now seeks reconsideration.

For example, Plaintiff's Surreply Brief made this argument: "Under the circumstances presented in this case, Rule 1004 allows Plaintiff to prove the contents of the contract by secondary means." Dkt. #81, at 6. Plaintiff also made the same argument orally at oral argument on the summary judgment motion on August 8, 2018. In addition, this Court's order granting summary judgment found:

> Plaintiff notes that Rule 1004(a) provides for an exception to the best evidence rule where the original document is lost or destroyed not in bad faith, even where such loss or destruction occurs due to negligence. (Doc. 81 at 6). Plaintiff then concludes that "Black's testimony of the contents of the contracts is admissible as proof of the contracts." (*Id.*) Plaintiff, however, fails to establish that the contracts are lost.

Dkt. #86, Order, at 8.

"No motion for reconsideration may repeat any oral or written argument made by the movant in support of or in opposition to the motion that resulted in the Order for which the party seeks reconsideration." *Ross v. Arizona*, No. CV-13-01845-PHX-JAT, 2015 WL 2376562, at *2 (D. Ariz. May 19, 2015) (citation omitted). "Repeating arguments in a motion to reconsider may be grounds for denying the motion." *Id*. Here, Plaintiff is simply repeating the same arguments yet again, and asking the Court to rethink what it has already thought through thoroughly. A motion for reconsideration is not an appropriate vehicle for a party to ask the Court to rethink its analysis. *United States v. Barron Collier Co.*, No. CV-14-00161-PHX-PGR, 2014 WL 12672642, at *1 (D. Ariz. Oct. 21, 2014) ("A motion for reconsideration is not an appropriate place for Collier to make new arguments based on these additional provisions, nor is it an appropriate place for Collier to ask the Court to rethink its analysis.").

> In the order granting summary judgment, this Court found:
>
> Plaintiff, however, fails to establish that the contracts are lost. As an initial problem, Black, who is the custodian of Korkes' records and who states that he personally reviewed the Merchandising Contract and the Batgirl-Cycle merchandising contract, is entirely silent as to what became of those documents. (Doc. 73-10). He fails to explain whether he still maintains those documents in his possession or whether he lost them. (Id.) Relatedly, Plaintiff fails to proffer evidence establishing that he engaged in a search sufficient to provide circumstantial evidence that allows the Court to draw the inference that the Merchandising Contract and the Batgirl-Cycle merchandising contract—which are central to Plaintiff's claims—are lost. Plaintiff provides no evidence that he subpoenaed Black's records to search for the documents. In fact, Plaintiff does not even establish that he asked Black whether he possessed the contracts.

Dkt. #86, Order, at 8-9 (footnote omitted).

Although Mr. Black claimed that he was the custodian of Richard Korkes' records, there was no evidence in the record that he was ever subpoenaed for the contracts -- he was

never asked whether he possessed the contracts -- and he offered no testimony that he ever searched for the contracts. None of the evidence cited by Plaintiff in his motion for reconsideration provides the showing that the Court found was missing from Plaintiff's opposition to the motion for summary judgment. *Palmer v. Savona*, No. CV-10-08209-PCT-JAT, 2013 WL 5447746, at *1 (D. Ariz. Sept. 30, 2013) ("Although Plaintiff disagrees with this conclusion, such disagreement does not demonstrate that the Court committed clear error in its analysis."), *aff'd*, 623 Fed. Appx. 480 (9th Cir. 2015).

None of the evidence cited by Plaintiff is new evidence. "A Rule 59 motion should not be granted unless the district court is presented with ***newly discovered*** evidence …". *Ross v. Arizona*, No. CV-13-01845-PHX-JAT, 2015 WL 2376562, at *2 (D. Ariz. May 19, 2015) (emphasis added, and citation omitted). All of the evidence cited by Plaintiff in support of the motion for reconsideration is evidence that was previously known to Plaintiff, and could have been cited (and indeed was cited) in connection with Plaintiff's arguments against the original motion. Thus, Plaintiff second ground for reconsideration is equally meritless.

And even if the arguments had not been previously presented by Plaintiff, a motion for reconsideration is not the proper place to present new arguments that should have been presented with Plaintiff's original opposition to the motion for summary judgment. In *School District No. 1J v. ACandS, Inc.*, the Ninth Circuit affirmed a district court's refusal to reconsider its summary judgment in light of evidence that was not introduced in the original motion or opposition. *School District No. 1J v. ACandS, Inc.*, 5 F.3d 1255 (9th Cir. 1993), *cert. denied*, 512 U.S. 1236 (1994). The district court excluded affidavits that failed to comply with the requirements of Rule 56, and refused to consider documents that were not attached to the affidavits as required by Rule 56. The district court refused to reconsider, even after the party later filed the documents with the motion for reconsideration. The court of appeals affirmed both the summary judgment and the refusal to reconsider, noting that the failure to file documents in an original motion or opposition does not turn the late filed documents into "newly discovered evidence." 5 F.3d at 1263.

In *Novato Fire Protection District v. United States*, the Ninth Circuit held that it was not an abuse of discretion for a district court to refuse to consider an argument first raised in a motion for reconsideration of the district court's summary judgment order. *Novato Fire Protection District v. United States*, 181 F.3d 1135, 1141 n.6 (9th Cir. 1999) ("A district court has discretion to decline to consider an issue raised for the first time in a motion for reconsideration. … We find that the district court did not abuse its discretion in refusing to reconsider the matter in light of this new argument.") (citations omitted), *cert. denied*, 519 U.S. 1129 (2000). *See also 389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999) ("Our abuse of discretion review precludes reversing the district court for declining to address an issue raised for the first time in a motion for reconsideration."); *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) ("A Rule 59(e) motion may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation.") (citation omitted); *Wood v. Ryan*, No. CV-98-0053-TUC-JGZ, 2014 WL 3577697, at *1 (D. Ariz. July 21, 2014) ("A motion for reconsideration is not a forum for the moving party to make new arguments not raised in its original briefs."), *aff'd*, 759 F.3d 1117 (9th Cir.), *cert. denied*, 135 S. Ct. 21 (2014); *Smith v. Ryan*, No. CV-12-318-PHX-PGR, 2014 WL 2452893, at *3 (D. Ariz. June 2, 2014) ("In seeking reconsideration, Petitioner offers the same arguments the Court considered and rejected. He has not provided any basis upon which the Court should reconsider its decision.") (citation omitted), *aff'd*, 823 F.3d 1270 (9th Cir. 2016), *cert. denied*, 137 S. Ct. 1283 (2017); *Atwood v. Ryan*, No. CV-98-116-TUC-JCC, 2014 WL 805132, at *1 (D. Ariz. Feb. 28, 2014) ("The Ninth Circuit has consistently held that a motion brought pursuant to Rule 59(e) … may not be used to raise arguments or present evidence for the first time that reasonably could have been raised earlier.") (citations omitted), *aff'd*, 870 F.3d 1033 (9th Cir. 2017); *Palmer v. Savona*, No. CV-10-08209-PCT-JAT, 2013 WL 5447746, at *1 (D. Ariz. Sept. 30, 2013) ("The Court previously addressed this argument in its Order granting Defendants' Motion to Dismiss and nothing in Plaintiff's repetition of this argument demonstrates that the Court committed clear error."), *aff'd*, 623 Fed. Appx. 480 (9th Cir.

2015); *McClurg v. Maricopa County*, No. CIV-09-1684-PHX-MHB, 2012 WL 4795643, at *2 (D. Ariz. Oct. 9, 2012) ("[W]hile Plaintiffs express their disappointment and reassert arguments set forth in their response to Defendants' Motions, such is not proper on a motion for reconsideration.").

Plaintiff's motion for reconsideration is simply an attempt to get a second bite at the apple, and does present any meritorious ground for reconsideration.

## IV. Conclusion

Plaintiff has not presented any valid ground for reconsideration. As such, Plaintiff's motion for reconsideration should be denied.

Dated: November 13, 2018         SNELL & WILMER L.L.P.

By: /s/ Sid Leach
Sid Leach
SNELL & WILMER L.L.P.
One Arizona Center
Phoenix, AZ 85004-2202
*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on November 13, 2018, I electronically filed the foregoing document with the Clerk of the Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Blake D. Gunn
LAW OFFICE OF BLAKE D. GUNN
P.O. Box 22146
Mesa, Arizona 85277
Email: bgunn@gunnfirm.com
Email: blake.gunn@gunnbankruptcyfirm.com

*Attorney for Plaintiff*

/s/ Sid Leach