**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| David Kaufman,<br><br>Plaintiff,<br><br>v.<br><br>Warner Bros. Entertainment Incorporated, et al.,<br><br>Defendants. | No. CV-16-02248-PHX-JAT<br><br>**ORDER** |

At issue is Plaintiff David Kaufman's ("Plaintiff") Motion for Reconsideration of Order Granting Motion for Summary Judgment (hereinafter, "Motion" or "Motion for Reconsideration") (Doc. 88). Finding this matter appropriate for decision without oral argument,[1] the Court now rules on this Motion.

## I. BACKGROUND

In an Order dated September 12, 2018, the Court granted Defendants' Motion for Summary Judgment, and, Alternatively, Motion for Judgment on the Pleadings (Doc. 66). (Doc. 86). Accordingly, the Clerk of the Court entered judgment in favor of Defendants on all claims and dismissed the case with prejudice that same day. (Doc. 87).

---

[1] *See* LRCiv 7.2(f) ("The Court may decide motions without oral argument."). Upon Plaintiff's request in his Reply, (*see* Doc. 114 at 1), the Court initially set oral argument on Plaintiff's Motion for Reconsideration for March 21, 2019. However, after learning that counsel for Plaintiff is currently suspended from the State Bar of Arizona and receiving no motion for substitution of counsel in compliance with LRCiv 83.3, the Court vacated oral argument. (Doc. 123). Further, the Court finds that oral argument would not materially assist the Court in reaching an informed decision. After reviewing Plaintiff's Motion, Defendant's Response, and Plaintiff's Reply, the Court finds nothing novel or complex in the issues as argued in the briefs or revealed by the record that would necessitate oral argument.

On September 26, 2018, fourteen days after the Court granted summary judgment to Defendants, Plaintiff filed the Motion for Reconsideration at issue. (Doc. 88). Should the Court forgo granting his Motion, Plaintiff alternatively requests that the Court "schedule an evidentiary hearing to explore evidence concerning Plaintiff's search so that he may produce evidence he was not allowed to provide in response to arguments advanced in a reply document." (Doc. 88 at 7; *see also* Doc. 114 at 8).

Notably, Plaintiff's Motion does not cite what Rule he moves under. (*See* Doc. 88). In an Order dated October 31, 2018, the Court noted its hesitation "to guess which Rule Plaintiff intended to move under because selecting which Rule has significant consequences regarding when an appeal is due[,]"[2] and because "the various Rules have different response obligations and governing legal standards."[3] (Doc. 110 at 1). Therefore, the Court did not speculate as to which Rule Plaintiff intended to move under and, instead, ordered Defendants to respond to Plaintiff's Motion by November 13, 2018. (*Id.* at 1–2). In compliance with the Court's October 31, 2018 Order, Defendants filed their Response to Plaintiff's Motion for Reconsideration of Order Granting Motion for Summary Judgment (hereinafter, "Response") (Doc. 112) on November 13, 2018. On November 21, 2018, Plaintiff filed a Reply in support of his Motion. (Doc. 114).[4]

## II. ANALYSIS

In response to the Court's observation that Plaintiff's Motion fails to cite what Rule he moves under, Defendants point out that District of Arizona Local Rule LRCiv 7.2(g) ("LRCiv 7.2(g)") does not apply because judgment has been entered in this case in favor of Defendants on all claims. (Doc. 112 at 2). For this reason, Defendants state that

---

[2] *See* Fed. R. App. P. 4(a)(4)(A).

[3] *Compare* LRCiv 7.2(g) and *Motorola, Inc. v. J.B. Rogers Mechanical Contractors, Inc.*, 215 F.R.D. 581, 586 (D. Ariz. 2003) *with* Fed. R. Civ. P. 59(e) *and McQuillion v. Duncan*, 342 F.3d 1012, 1014 (9th Cir. 2003); *see also* Fed. R. Civ. P. 60(b).

[4] Although the Court's October 31, 2018 Order required that any reply be filed within seven days of the date the response is filed, (Doc. 110 at 2), Plaintiff moved for a one-day extension to file his Reply, (Doc. 113 at 1–2). On November 29, 2018, the Court granted this Motion for Extension of Time to File Reply In Support of Motion for Reconsideration (Doc. 113) to the extent that the Reply filed on November 21, 2018 was deemed timely. (Doc. 115).

Plaintiff's only recourse was to file a motion to alter or amend the judgment under Fed. R. Civ. P. 59(e). (*Id.*). Even so, Plaintiff insists in his Reply that he intends his Motion as a motion for reconsideration under LRCiv 7.2(g) rather than Rule 59. (Doc. 114 at 1–2). However, LRCiv 7.2(g) governs motions for reconsideration of interlocutory orders. *See Motorola, Inc. v. J.B. Rodgers Mech. Contractors*, 215 F.R.D. 581, 582–83 (D. Ariz. 2003); *see also Equal Employment Opportunity Comm'n v. Gala AZ Holdings, Inc.*, No. CV 11-00383-PHX-JAT, 2012 WL 3704697, at *1 n.1 (D. Ariz. Aug. 28, 2012) (noting that the Court applies the standard set forth in *Motorola, Inc. v. J.B. Rodgers Mech. Contractors* to non-appealable, interlocutory orders, but applies the standard set forth in Rule 59 to appealable orders). Here, Plaintiff seeks reconsideration of an order granting summary judgment to Defendants after the entry of final judgment in favor of Defendants on all claims. (*See* Docs. 86–87). As the Court's Order of September 12, 2018 "end[ed] the litigation on the merits and [left] nothing for the court to do but execute the judgment," it was a final judgment or appealable order—not an interlocutory order. *In re Frontier Properties, Inc.*, 979 F.2d 1358, 1362 (9th Cir. 1992) (citing *Catlin v. United States*, 324 U.S. 229, 233 (1945)). Accordingly, LRCiv 7.2(g)—and its corresponding analysis under *Motorola, Inc. v. J.B. Rodgers Mech. Contractors*[5]—does not apply.

Although Plaintiff never indicated which Federal Rule of Civil Procedure governed his motion, "a motion for reconsideration of summary judgment is appropriately brought under either Rule 59(e) or Rule 60(b)." *Fuller v. M.G. Jewelry*, 950 F.2d 1437, 1442 (9th Cir. 1991) (holding motion for reconsideration brought pursuant to local rules may be treated as one brought pursuant to Rule 59(e) or Rule 60(b)); *see also Motorola, Inc.*, 215 F.R.D. at 582 n.1 (noting that Fed. R. Civ. P. 59(e) and 60(b) apply to reconsideration of "final judgments and appealable interlocutory orders") (quoting *Balla v. Idaho State Bd. of Corrections*, 869 F.2d 461, 466 (9th Cir. 1989)). Because Plaintiff seeks an order altering or amending the Judgment in this case and the Motion was filed within 28 days of the entry of Judgment, the Court will construe Plaintiff's Motion as having been brought pursuant

---

[5] 215 F.R.D. at 586.

to Rule 59(e). *Shaka v. Ryan*, No. CV 15-0050-PHX-SMM, 2015 WL 4162598, at *1 (D. Ariz. July 9, 2015); *see also Shapiro ex rel. Shapiro v. Paradise Valley Unified Sch. Dist. No. 69*, 374 F.3d 857, 863 (9th Cir. 2004) ("[A] timely filed motion for reconsideration under a local rule is construed as a motion to alter or amend a judgment under Rule 59(e).") (citing *Schroeder v. McDonald*, 55 F.3d 454, 459 (9th Cir. 1995)).

"Although Rule 59(e) permits a district court to reconsider and amend a previous order, the rule offers an 'extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources.'" *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (quoting 12 James W. Moore et al., MOORE's FEDERAL PRACTICE, § 59.30[4]). A district court has considerable discretion to grant a Rule 59(e) motion to alter or amend judgment if: "1) the motion is necessary to correct manifest errors of law or fact upon which the judgment is based; 2) the moving party presents newly discovered or previously unavailable evidence; 3) the motion is necessary to prevent manifest injustice; or 4) there is an intervening change in controlling law." *Turner v. Burlington N. Santa Fe R. Co.*, 338 F.3d 1058, 1063 (9th Cir. 2003) (internal citations omitted) (citing *McDowell v. Calderon*, 197 F.3d 1253, 1255 n.1 (9th Cir. 1999) (en banc)). However, a motion for reconsideration should not "be used to ask the court to rethink what the court had already thought through—rightly or wrongly." *Smith v. Ryan*, No. CV 12-318-PHX-PGR, 2014 WL 2452893, at *1 (D. Ariz. June 2, 2014) (citing *United States v. Rezzonico*, 32 F. Supp. 2d 1112, 1116 (D. Ariz. 1998)). Further, a Rule 59(e) motion "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been made prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008).

In his Motion for Reconsideration, Plaintiff does not come forward with any "newly discovered or previously unavailable evidence," contend that reconsideration of the Court's Order granting summary judgment is necessary to "prevent manifest injustice," or argue that there is an "intervening change in controlling law." *Turner*, 338 F.3d at 1063. Rather, Plaintiff claims that the Court's Order (Doc. 86) was manifestly erroneous because

"the Court disposed of the case based on a factual argument raised in a surreply to which Plaintiff had no opportunity to respond," and because "sufficient evidence of a diligent search exists throughout the record" such that Plaintiff should have been permitted to introduce secondary evidence of the contract under Fed. R. Evid. 1004. (Doc. 88 at 1, 4).[6] For the reasons that follow, however, the Court finds that Plaintiff is unable to demonstrate that reconsideration of the Court's Order granting summary judgment to Defendants is "necessary to correct manifest errors of law or fact upon which the judgment is based." *Turner*, 338 F.3d at 1063. As Plaintiff is unable to meet the requisite standard to alter or amend the judgment under Rule 59(e), the Court will deny Plaintiff's Motion.[7]

### A. Whether the Court's Order was "Manifestly Erroneous" Because Plaintiff Had "No Opportunity to Respond"

Plaintiff's first ground for seeking reconsideration—that "the Court disposed of the case based on a factual argument raised in a surreply to which Plaintiff had no opportunity to respond"—is untrue. (Doc. 88 at 1). Particularly, Plaintiff claims that Defendants "did not raise the factual issue of a diligent search until its sur-surreply filed after Plaintiff's

---

[6] Plaintiff's Motion erroneously refers to Rule 1004 as a Federal Rule of Civil Procedure. (*See* Doc. 88). Based on the content of the motion, however, the Court surmises that Plaintiff meant to refer to Fed. R. Evid. 1004.

[7] Construing Plaintiff's Motion as a request for relief under Rule 60(b) results in the same conclusion: that Plaintiff's Motion for Reconsideration should be denied. *See McDowell*, 197 F.3d at 1255 n.3 ("The denial of a motion for reconsideration under Rule 59(e) is construed as a denial of relief under Rule 60(b).") (citing *Pasatiempo v. Aizawa*, 103 F.3d 796, 801 (9th Cir. 1996)). Rule 60(b) "provides for reconsideration only upon a showing of (1) mistake, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) 'extraordinary circumstances' which would justify relief." *Fuller*, 950 F.2d at 1442 (citing Fed. R. Civ. P. 60(b); *Backlund v. Barnhart*, 778 F.2d 1386, 1388 (9th Cir. 1985)). The arguments in Plaintiff's Motion could conceivably fall only under the first or sixth reasons, namely, Rule 60(b)(1) or (6). However, just as Plaintiff is unable to show that reconsideration is "necessary to correct manifest errors of law or fact upon which the judgment is based" under Rule 59(e), *Turner*, 338 F.3d at 1063, Plaintiff is also unable to demonstrate "mistake, surprise, or excusable neglect" to meet Rule 60(b)(1)'s standard. Further, as noted throughout this Order, Plaintiff's Motion continues to present the same evidence and offer similar arguments as those the Court rejected in its Order granting Defendants' Motion for Summary Judgment. Nevertheless, a motion for reconsideration should not be used "to ask the Court to rethink what it has already thought." *Motorola, Inc.*, 215 F.R.D. at 582. As "making essentially the same arguments does not constitute an 'extraordinary circumstance,'" Plaintiff also does not qualify for relief under Rule 60(b)(6). *Chevron U.S.A., Inc. v. Sheikhpour*, No. CV 07-4451-PSG (AGRx), 2010 WL 11520552, at *3 (C.D. Cal. Sept. 24, 2010).

surreply[,]" so he "had no opportunity to present evidence to support the diligence of Plaintiff's search or testimony of a custodian of record relating to any search he performed." (*Id.* at 3).[8] However, even if Defendants' Sur-Sureply was the first time Defendants *explicitly* argued that Plaintiff failed to demonstrate that he engaged in a diligent search for the original alleged Merchandising Contract, (Doc. 83 at 8–9), Plaintiff was on notice that he needed to make such a showing long before.

In their Motion for Summary Judgment, Defendants repeatedly asserted that no admissible evidence of the alleged Merchandising Contract existed. (*See, e.g.*, Doc. 66 at 2 ("Because *there is no admissible evidence that the alleged Merchandising Contract exists*, and even if it did exist Plaintiff's claims would necessarily be barred by laches, or by the statute of limitations, this case is ripe for summary judgment.") (emphasis added) (footnote omitted); *see also id.* at 9 ("[T]here is no evidence that the alleged Merchandising Contract exists.)). In fact, Defendants devoted approximately two pages of their Motion for Summary Judgment to the argument that Plaintiff could not establish the existence of the Merchandising Contract or its terms. (*See id.* at 4–6). Defendants' motion clearly put Plaintiff on notice that he would need to prove the existence and content of the Merchandising Contract to survive summary judgment on his breach of contract and breach of the covenant of good faith and fair dealing claims. (*See id.*). At this point, Plaintiff should have been aware that the best evidence rule was at play, as Plaintiff was on notice that he needed to prove the content of the Merchandising Contract to establish his claims. According to the best evidence rule, "[a]n original writing . . . is required in order to prove

---

[8] Plaintiff's argument that Defendants improperly raised the diligent search issue in a surreply is ironic considering that Plaintiff's Surreply raised new arguments and included seventeen new exhibits that were not part of the record. (*See* Doc. 81-1–81-17; Doc. 86 at 5 ("Upon this Court's order to file a surreply to Defendants' evidentiary objections, Plaintiff filed seventeen exhibits, composed of the exhibits that were referenced in Plaintiff's previous filings, but which were not originally uploaded to the CM/ECF system and additional exhibits Plaintiff purports to rely on in his surreply.") (citation omitted)). "In view of these new facts and arguments," Defendants argue that its Sur-Surreply (Doc. 83) "necessarily had to raise arguments and objections responsive to the seventeen new exhibits that Plaintiff filed with his surreply brief." (Doc. 112 at 8). The Court agrees. The fact that Defendants' Sur-Surreply (Doc. 83) addressed these new arguments and untimely evidence improperly raised by Plaintiff for the first time in his Surreply is not a valid ground for reconsideration.

its content unless these rules or a federal statute provides otherwise." Fed. R. Evid. 1002.

In his Response to Defendants' Motion for Summary Judgment, Plaintiff did not dispute that proving the existence and terms of the Merchandising Contract was a necessary element of his claims. (*See* Doc. 72). Rather than produce the original contract, Plaintiff argued in his Response that he "has documentary and testimonial evidence to demonstrate the merchandising contract's existence and terms[,]" including "several contemporary documents refer[ing] to the existence of the contract," and testimony from Michael Gale Black ("Black") and Richard Korkes. (Doc. 72 at 5–7). Plaintiff even admits in his Motion for Reconsideration that he "responded that secondary evidence concerning the contract was abundant in contemporaneously created documents and that a live witness had reviewed the contract and remembered the critical terms." (Doc. 88 at 2; *see* Doc. 72 at 5–7). Thus, it was clear to Plaintiff at the time he responded to Defendants' Motion for Summary Judgment that, without the original Merchandising Contract, he would need to prove the existence and content of that contract via secondary evidence.

At this point, it was incumbent upon Plaintiff to demonstrate that this secondary evidence concerning the contents of the Merchandising Contract was admissible pursuant to Fed. R. Civ. P. 56(c)(4). Rule 56(c)(4) requires that "[a]n affidavit or declaration used to support or oppose a motion [] be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Accordingly, to demonstrate the admissibility of the affidavit testimony of Black regarding the existence and terms of the alleged Merchandising Contract, Plaintiff was required to establish the foundational requirements of Fed. R. Evid. 1004 "by showing to the satisfaction of the Court that the originals were lost or destroyed without bad faith." *Seiler v. Lucasfilm, Ltd.*, 613 F. Supp. 1253, 1261 (N.D. Cal. 1984), *aff'd*, 797 F.2d 1504 (9th Cir. 1986), *superseded*, 808 F.2d 1316 (9th Cir. 1986). Plaintiff should have been aware that he needed to present evidence of a "diligent search" to establish the admissibility of this secondary evidence under Fed. R. Evid. 1004.

Even if Plaintiff somehow still was unaware of his foundational and evidentiary

obligations under Fed. R. Civ. P. 56(c)(4) and Fed. R. Evid. 1002 and 1004 at the time he responded to Defendants' Motion for Summary Judgment, Defendants' Reply (Doc. 77) clearly apprised Plaintiff of his failure to meet his obligations under these rules:

> Plaintiff has the burden of proving the existence of the alleged contracts, and failed to come forward with admissible evidence to support this essential element of the claim, and upon which Plaintiff bears the burden of proof. Plaintiff also had the burden of proving the terms of the alleged contracts with sufficient specificity that the alleged obligations could be ascertained, and failed to come forward with admissible evidence to support that essential element of Plaintiff's claim as well.

(Doc. 77 at 10–11). Defendants even specifically pointed out that the testimony of both Mr. Black and Mr. Kaufman was inadmissible to prove the contents of the alleged Merchandising Contract under Fed. R. Evid. 1002. (Doc. 77 at 5–6).[9] Plaintiff had ample opportunity to respond to all of these evidentiary objections in the surreply brief which the Court ordered Plaintiff to file. (*See* Doc. 78). Therefore, it is inappropriate for Plaintiff to contend that he "had no opportunity to respond," (Doc. 88 at 1), as the Court explicitly gave him the chance to do so via an additional surreply brief.

While Plaintiff claims that he did not have the "opportunity to respond" to what he calls "the factual issue of a diligent search" merely because Defendants did not explicitly use this exact phrase until their Sur-Surreply, the Court finds that Plaintiff was on notice that he needed to present evidence of a "diligent search" to establish the admissibility of his secondary evidence of the Merchandising Contract *before* Defendants' Sur-Surreply pointed out that Plaintiff failed to meet this burden. The Court agrees with Defendants that Plaintiff's attempt in his Motion to portray these requirements as a "factual argument" raised by Defendants is meritless. (Doc. 112 at 6). "These were factual showings that *Plaintiff* was required to make in order to meet his initial burden under Rule 56(c)(4)."

---

[9] Plaintiff acknowledges that Defendants raised a best evidence rule objection in their Reply. (*See* Doc. 88 at 3 ("Here, not only did Warner not raise the "best evidence rule" argument until the Reply, but Warner also did not raise the factual issue of a diligent search until its sur-surreply filed after Plaintiff's surreply.")).

(*Id.*). Defendants' Reply (Doc. 77) merely pointed out that Plaintiff failed to meet this burden in his Response (Doc. 72) and Surreply (Doc. 81). *See King v. Knoll*, 399 F. Supp. 2d 1169, 1174 (D. Kan. 2005) (noting that defendants did not improperly raise a new issue in their reply by arguing that plaintiff had failed to properly authenticate documents attached to her response to the summary judgment motion). Accordingly, Plaintiff's argument that "the Court disposed of the case based on a factual argument raised in a surreply to which Plaintiff had no opportunity to respond" is without merit. (Doc. 88 at 1).

### B. Whether the Court's Order was "Manifestly Erroneous" Because "Sufficient Evidence of a Diligent Search Exists Throughout the Record"

As a second ground, Plaintiff contends that the Court's Order granting summary judgment to Defendants was "manifestly erroneous" because "sufficient evidence of a diligent search exists throughout the record" such that Plaintiff should have been permitted to introduce secondary evidence of the contract under Fed. R. Evid. 1004. (Doc. 88 at 1, 4).[10] Nevertheless, this merely repeats the arguments Plaintiff previously made in opposition to Defendants' Motion for Summary Judgment and which the Court refuted in its Order granting summary judgment. Specifically, Plaintiff argued in his Surreply Regarding Evidentiary Objections that "Rule 1004 allows Plaintiff to prove the contents of the contract by secondary means" in the form of testimony from Mr. Black as to "his personal knowledge of the contents of the contracts" because "neither party has been able to locate an original or copy of the licensing agreement." (Doc. 81 at 6).

---

[10] Plaintiff also claims that the Court "erred in requiring Plaintiff to demonstrate evidence of a search for the LCA-Korkes agreement to prove its loss or unavailability." (Doc. 114 at 7; *see also* (Doc. 88 at 4 (arguing that "Rule 1004 does not contain any requirement that a search be conducted")). Nevertheless, a party seeking to admit evidence under Rule 1004 must show that it made reasonable and diligent efforts to locate and obtain the missing original. *Medina v. Multaler, Inc.*, No. CV 06-00107 MMM (AJWx), 2007 WL 5124009, at *2 (C.D. Cal. Feb. 7, 2007) (citations omitted). While not expressly stated in Rule 1004, "a reasonable and diligent search is typically the only way to establish that a document has been lost or is unavailable" absent evidence of actual destruction. *Id.*; *see also* 31 Charles Alan Wright & Victor James Gold, *Federal Practice and Procedure* § 8014(1) (2000). "For that reason, courts generally hold that an unsuccessful search for the original is a prerequisite to invoking Rule 1004(1)." *Medina*, 2007 WL 5124009, at *2 (citations omitted). The determination of whether a search is sufficient is within the trial court's discretion. *Id.* at *3; *Seiler v. Lucasfilm, Ltd.*, 808 F.2d 1316, 1321 (9th Cir. 1986); *see* Fed. R. Evid. 104(a), 1008.

The Court's Order granting summary judgment then directly addressed Plaintiff's argument in detail:

> In any event, Plaintiff does not adequately explain why Black's testimony, even if based on his own review of the underlying documents, should be permitted in the face of the best evidence rule. Plaintiff notes that Rule 1004(a) provides for an exception to the best evidence rule where the original document is lost or destroyed not in bad faith, even where such loss or destruction occurs due to negligence. (Doc. 81 at 6). Plaintiff then concludes that "Black's testimony of the contents of the contracts is admissible as proof of the contracts." (*Id.*) *Plaintiff, however, fails to establish that the contracts are lost.* As an initial problem, Black, who is the custodian of Korkes' records and who states that he personally reviewed the Merchandising Contract and the Batgirl-Cycle merchandising contract, is entirely silent as to what became of those documents. (Doc. 73-10). He fails to explain whether he still maintains those documents in his possession or whether he lost them. (*Id.*) *Relatedly, Plaintiff fails to proffer evidence establishing that he engaged in a search sufficient to provide circumstantial evidence that allows the Court to draw the inference that the Merchandising Contract and the Batgirl-Cycle merchandising contract—which are central to Plaintiff's claims—are lost.* Plaintiff provides no evidence that he subpoenaed Black's records to search for the documents. In fact, Plaintiff does not even establish that he asked Black whether he possessed the contracts. The only evidence in the record that Plaintiff performed any search for the contracts is his questioning of Defendants' agents as to whether they possessed the documents.
>
> Plaintiff's statement in his surreply that "neither party has been able to locate an original or copy of the licensing agreement," (Doc. 81 at 6), is an argument, and does not constitute admissible evidence establishing that the merchandising agreements are lost such that the exception to the best evidence rule is triggered. . . . *Given the centrality of the Merchandising Contract and the Batgirl-Cycle merchandising contract to this case, the intensity and diligence of Plaintiff's search are insufficient to allow the Court to draw the inference that these contracts have been lost.*

(Doc. 86 at 8–9 (emphasis added)).

"[A] Rule 59(e) motion is not a vehicle for repeating or refining arguments that the movant previously made" before the challenged ruling. *Kraft v. Old Castle Precast Inc.*, No. LA CV 15-00701-VBF, 2016 WL 4120049, at *10 (C.D. Cal. Aug. 2, 2016), *aff'd sub nom. Kraft v. Oldcastle Precast, Inc.*, 700 F. App'x 704 (9th Cir. 2017) (citing *Ahmed v. Ashcroft*, 388 F.3d 247, 249 (7th Cir. 2004)); *see also Fuller*, 950 F.2d at 1442 ("Treating the motion for reconsideration as one brought under Rule 59(e), the trial court did not abuse its discretion in denying the motion, because the [plaintiff] presented no arguments which the court had not already considered and rejected."); *Ross v. Arizona*, No. CV 13-01845-PHX-JAT, 2015 WL 2376562, at *2 (D. Ariz. May 19, 2015) ("No motion for reconsideration may repeat any oral or written argument made by the movant in support of or in opposition to the motion that resulted in the Order for which the party seeks reconsideration."). As the Court previously considered whether evidence of a diligent search exists to permit the introduction of secondary evidence under Rule 1004 in its Order denying summary judgment, (*see* Doc. 86 at 8–9), Plaintiff's repetition of this argument is grounds for denial of his Motion. *Fuller*, 950 F.2d at 1442.

While Plaintiff may disagree with the Court's conclusion, "such disagreement does not demonstrate that the Court committed clear error in its analysis." *Palmer v. Savona*, No. CV 10-08209-PCT-JAT, 2013 WL 5447746, at *1 (D. Ariz. Sept. 30, 2013), *aff'd*, 623 F. App'x 480 (9th Cir. 2015). Although Plaintiff sets forth a list of "specific evidence in the record" which he claims demonstrates a diligent search, (Doc. 88 at 5–6), none of this evidence provides the showing that the Court found was missing from Plaintiff's opposition to Defendants' Motion for Summary Judgment. All the evidence Plaintiff cites in his Motion for Reconsideration was before the Court prior to ruling on Defendants' Motion for Summary Judgment and was insufficient to permit the Court to draw the inference that the contracts had been lost. In fact, Plaintiff previously discussed most of this evidence in his Response to Defendants' Motion for Summary Judgment, (*see* Doc. 72 at 5–7), and even acknowledged in his Motion for Reconsideration that he opposed

summary judgment by arguing that "secondary evidence concerning the contract was abundant in contemporaneously created documents," (Doc. 88 at 2).

First in this list of evidence allegedly demonstrating a diligent search is Plaintiff's response to Defendants' request for production of the Merchandising Contract, (Doc. 88 at 5), which stated that Plaintiff "is unable to comply with [the request] because, after a diligent search and a reasonable inquiry have been made in an effort to comply with this demand, the document has not been located." (Doc. 67-3 at 3). However, the Court addressed this evidence in its Order granting summary judgment, stating that it is "conclusory and fails to describe what efforts Plaintiff took to search for the Merchandising Contract." (Doc. 86 at 9).

Second, Plaintiff cites Exhibits P and U to his Response, which he claims refer to "a licensing agreement between Warner's predecessor Licensing Corporation of America and Korkes[.]" (Doc. 88 at 6 (citing Docs. 73-14, 73-19)). These Exhibits were considered by the Court on summary judgment, (*see* Doc. 86 at 4, 11), but were nonetheless insufficient to prove the existence of the Merchandising Contract and the Batgirl-Cycle Merchandising Contract. (*See* Doc. 86 at 13 ("[T]he Court finds that no genuine dispute of material fact exists regarding the existence of the Merchandising Contract or Batgirl-Cycle merchandising contract, and grants summary judgment to Defendants on Plaintiff's breach of contract and breach of the covenant of good faith and fair dealing claims.")).

Third, Plaintiff refers to the Declaration of Jay Kogan as support for his statement that Plaintiff "issued multiple subpoenas to Fox Television in April and June 2017 seeking production of the licensing agreement." (Doc. 88 at 6 (citing (Doc. 67-4)). Nevertheless, this Declaration nowhere proves that Plaintiff issued subpoenas to Fox Television. (*See* Doc. 67-4). Rather, Mr. Kogan's Declaration states that "DC Comics has no record that any merchandising contract relating to the Batcycle used in the 1966 Batman television series, involving Richard Korkes ("Korkes"), Daniel Dempski ("Dempski"), or Kustomotive, ever existed." (*Id.* at 3).

Fourth, Plaintiff cites the Declaration of Wayne M. Smith for the proposition that

"Plaintiff sent a request for production of documents to Warner requesting the licensing agreement." (Doc. 88 at 6 (citing Doc. 67-5)). However, this Declaration does not demonstrate that Plaintiff ever requested documents from Warner Bros., but rather indicates that Warner Bros. had no record of the alleged Merchandising Contract or of any payments to Kustomotive, Korkes, or Dempski related to merchandising of Batcycle products. (*See* Doc. 67-5 at 3).

Finally, Plaintiff cites various portions of the depositions of Steven Fogelson and Wayne Smith in an effort to show that Defendants also diligently searched for the Merchandising Contracts at issue, but were unable to locate them. (Doc. 88 at 6–7 (citing Doc. 67-12)).[11] Nevertheless, this deposition testimony was before the Court when ruling on Defendants' Motion for Summary Judgment. Further, this evidence fails to establish that the alleged merchandising agreements are lost such that the exception to the best evidence rule is triggered. While the deposition testimony of Steven Fogelson and Wayne Smith certainly demonstrates that Defendants are unable to locate the contracts, it remains that these contracts may not have been found because they never existed in the first place.

As Plaintiff's Motion does not present any valid ground for reconsideration, it will be denied.

### III. CONCLUSION

//
//
//
//
//
//
//
//
//

---

[11] Plaintiff mistakenly cites Steven Fogelson's Deposition (Doc. 67-12) when referring to testimony of Wayne Smith. (Doc. 88 at 6).

For the reasons set forth above,

**IT IS ORDERED** that Plaintiff's Motion for Reconsideration of Order Granting Motion for Summary Judgment (Doc. 88) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's request for an evidentiary hearing (Doc. 88 at 7; Doc. 114 at 8) is **DENIED**.

Dated this 13th day of March, 2019.

James A. Teilborg
Senior United States District Judge