WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| David Kaufman,<br><br>    Plaintiff,<br><br>v.<br><br>Warner Bros. Entertainment Incorporated, et al.,<br><br>    Defendants. | No. CV-16-02248-PHX-JAT<br><br>**ORDER** |

Pending before the Court is Defendant Warner Bros. Entertainment and Defendant Warner Bros. Consumer Products Inc.'s Motion to Correct Clerical Mistake in Judgment (Doc. 131). The Court now rules on this Motion.

On May 13, 2019, the Court entered an Order stating, in relevant part:

> **IT IS FINALLY ORDERED** that Defendants' Motion for Attorneys' Fees (Doc. 92) is **GRANTED**. Defendants are awarded **$138,792.50** in attorneys' fees and costs. The Clerk of the Court shall enter judgment accordingly.

(Doc. 129 at 30). The Court's Order awarded the specified amount to "Defendants," which that same Order defined to mean Defendant Warner Bros. Entertainment and Defendant Warner Bros. Consumer Products Inc. in the first three lines on the first page. (*See id.* at 1 ("Pending before the Court is Defendant Warner Bros. Entertainment Inc. and Defendant Warner Bros. Consumer Products Inc.'s (collectively, 'Defendants') Motion for Attorneys' Fees (Doc. 92)[.]")). However, the Clerk's Judgment entered that same day

states: "IT IS ORDERED AND ADJUDGED that pursuant to the Court's Order filed May 13, 2019, judgment is entered in favor of *defendant* and against plaintiff in the amount of $138,792.50 in attorney's fee and costs." (Doc. 130 (emphasis added)).

On May 24, 2019, Defendant Warner Bros. Entertainment and Defendant Warner Bros. Consumer Products Inc. filed a Motion pursuant to Fed. R. Civ. P. 60(a) asking that the Court correct the Judgment to state that " . . . judgment is entered in favor of Defendant Warner Bros. Entertainment Inc. and Defendant Warner Bros. Consumer Products Inc." (Doc. 131 at 1). Under Rule 60(a), on motion or on its own, the Court "may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." "A district court has very wide latitude in correcting clerical mistakes in a judgment." *Blanton v. Anzalone*, 813 F.2d 1574, 1577 (9th Cir. 1987). In doing so, the focus is "on what the court *originally intended* to do." *Id.* "A district court judge may properly invoke Rule 60(a) to make a judgment reflect the actual intentions and necessary implications of the court's decision." *Robi v. Five Platters, Inc.*, 918 F.2d 1439, 1445 (9th Cir. 1990) (citing *Blanton*, 813 F.2d at 1577). Accordingly, "[e]rrors correctable under Rule 60(a) include those where what is written or recorded is not what the court intended to write or record[,]" regardless if the error "is made by a clerk or by the judge." *Blanton*, 813 F.2d at 1577.

The Motion at issue contends that the Clerk's Judgment on Attorney Fees (Doc. 130) "contains a clerical mistake, in that it states that judgment was entered in favor of only one defendant," and "does not specify *which* defendant." (Doc. 131 at 2). The Court agrees, as the Court's Order indicated that judgment should have been entered in favor of both Defendant Warner Bros. Entertainment Inc. and Defendant Warner Bros. Consumer Products Inc. The mistake at issue, which indicated that judgment was to be entered in favor of an unspecified individual "defendant," was a "quintessential 'clerical' error[] [] where the court errs in transcribing the judgment[.]" *Tattersalls, Ltd. v. DeHaven*, 745 F.3d 1294, 1297 (9th Cir. 2014); *see also Mitchell Repair Info. Co., LLC v. Rutchey*, No. C08-500 RSM, 2009 WL 3242093, at *2 (W.D. Wash. Oct. 2, 2009) ("[C]ourts have specifically

held that Rule 60(a) allows the court to correct judgment errors with respect to a defendant's name."). As such a "clerical error or a mistake arising from oversight or omission" is clearly within the scope of Rule 60(a), the Court may correct the Judgment to correctly reflect what the Court intended in its May 13, 2019 Order—that judgment be entered in favor of both Defendant Warner Bros. Entertainment Inc. and Defendant Warner Bros. Consumer Products Inc.[1]

For the foregoing reasons,

**IT IS ORDERED** that Defendant Warner Bros. Entertainment and Defendant Warner Bros. Consumer Products Inc.'s Motion to Correct Clerical Mistake in Judgment (Doc. 131) is **GRANTED**.

**IT IS FURTHER ORDERED** vacating the judgment at Doc. 130. The Clerk of the Court is directed to enter judgment in favor of Defendant Warner Bros. Entertainment and Defendant Warner Bros. Consumer Products Inc., and against Plaintiff David Kaufman, in the amount of $138,792.50 in attorneys' fees and costs.

Dated this 10th day of June, 2019.

James A. Teilborg
Senior United States District Judge

---

[1] The Court declines to enter judgment *nunc pro tunc*, as Defendants request. (Doc. 131 at 5).